1  Alan S. Gutman, SBN 128514
   John Juenger, SBN 225201
2  GUTMAN LAW
   433 North Camden Drive, Suite 960
3  Beverly Hills, CA 90210-4413
   Telephone: 310-385-0700
4  Facsimile: 310-385-0710
         email: alangutman@gutmanlaw.com
5             jjuenger@gutmanlaw.com

6  Attorneys for Plaintiff DIETER HARTMANN

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DIETER HARTMANN,                    )   Case Number
                                       )
12        Plaintiff,                   )   **COMPLAINT FOR COPYRIGHT**
                                       )   **INFRINGEMENT**
13 vs.                                 )
                                       )
14 TYLER BATES;  TYLER BATES           )
   MUSIC, INC.; FOCUS FEATURES,        )
15 LLC;  FOCUS FEATURES                )
   PRODUCTIONS, LLC,                   )
16                                     )   **DEMAND FOR JURY TRIAL**
          Defendants.                  )
17                                     )
                                       )
18 _____    )

19        Plaintiff Dieter Hartmann alleges as follows:

20                        JURISDICTION

21        1.     This is a clear liability copyright infringement action. This Court has

22 subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Plaintiff seeks

23 injunctive relief, damages, costs, interest and attorney's fees for the infringement of

24 ten (10) musical compositions and sound recordings by Defendants.

25                          VENUE

26        2.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a) as

27 Defendants do business and may be found in this district and Plaintiff's principal place

28 of business is in this district.

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

PARTIES

3.    Plaintiff Dieter Hartmann ("Hartmann") is a composer, producer, engineer, programmer and musician, who currently resides in the County of Fresno, State of California.

4.    Plaintiff is informed and believes and thereon alleges that Defendant Tyler Bates ("Bates") is an individual who at all relevant times resided in the County of Los Angeles, State of California. Defendant Bates is a composer, guitarist, songwriter and record producer, who has been credited with composing the scores for such motion pictures as *300*, *Watchmen*, *Dawn of the Dead* (2004 remake), *The Devil's Rejects*, *Halloween* (2007 remake), *John Wick* and *Atomic Blonde*, as well as several television programs such as *Salem* and *Californication*, in addition to playing lead guitar in and producing Marilyn Manson's band.

5.    Plaintiff is informed and believes and thereon alleges that Defendant Tyler Bates Music, Inc. is a corporation organized under the laws of the State of California with its principal place of business in the County of Los Angeles, State of California. Plaintiff is further informed and believes and thereon alleges that Bates was acting by and through his company as the agent and employee of Tyler Bates Music, Inc., so that any actions by Bates were taken both individually and on behalf of Tyler Bates Music, Inc. Accordingly, all references to actions or omissions by Bates throughout this pleading shall also be attributable to Tyler Bates Music, Inc.

6.    Plaintiff is informed and believes and thereon alleges that Defendant Focus Features, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the County of Los Angeles, State of California.

7.    Plaintiff is informed and believes and thereon alleges that Defendant Focus Features Productions, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the County of Los Angeles, State of California.

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

<u>GENERAL ALLEGATIONS</u>

8.      Plaintiff is informed and believes and thereon alleges that Defendant Bates was hired to create a musical score for the motion picture "Atomic Blonde" (the "Film") in early 2016.

9.      In or about March 2016, Bates requested that Hartmann compose and record temporary tracks to be used in connection with the creation of the musical score for the Film.

10.      Between March and August of 2016, Hartmann composed and recorded ten (10) original music cues (the "Cues") with the understanding that the Cues were for temporary use only and would not be included in the score of the Film.

11.      Plaintiff is informed and believes and thereon alleges that the Film was produced and distributed theatrically in the United States in July of 2017 by Focus Features, LLC and Focus Features Productions, LLC.

12.      Sometime after the Film was released, Plaintiff discovered that the Cues he composed and recorded were used in the score of the Film despite the fact that Plaintiff did not assign any rights to the Cues to Defendants or anyone else.

13.      Plaintiff is the sole copyright owner of the Cues, which constitute more than 27 minutes of the Film's score.

**FIRST CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

14.      Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

15.      The first musical composition and sound recording that is the subject of this lawsuit is entitled  "CC_Temp Ref 1" ("Work 1") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work,

including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

16.    Defendants used said Work without authorization in the score for the Film.

17.    In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

18.    Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

19.    The amount of actual damages shall be proven at the time of trial.

20.    Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

21.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

22.    The second musical composition and sound recording that is the subject of this lawsuit is entitled "CC_Temp Ref 2" ("Work 2") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work,

including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

23.    Defendants used said Work without authorization in the score for the Film.

24.    In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

25.    Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

26.    The amount of actual damages shall be proven at the time of trial.

27.    Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

28.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

29.    The third musical composition and sound recording that is the subject of this lawsuit is entitled  "CC_Temp Cue 2" ("Work 3") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work,

including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

30. Defendants used said Work without authorization in the score for the Film.

31. In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

32. Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

33. The amount of actual damages shall be proven at the time of trial.

34. Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

35. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

36. The fourth musical composition and sound recording that is the subject of this lawsuit is entitled "CC_Temp Cue 4" ("Work 4") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work,

including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

37.     Defendants used said Work without authorization in the score for the Film.

38.     In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

39.     Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

40.     The amount of actual damages shall be proven at the time of trial.

41.     Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

42.     Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

43.     The fifth musical composition and sound recording that is the subject of this lawsuit is entitled "CC_Dark Ambience 1_dh" ("Work 5") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said

Work, including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

44.    Defendants used said Work without authorization in the score for the Film.

45.    In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

46.    Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

47.    The amount of actual damages shall be proven at the time of trial.

48.    Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

49.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

50.    The sixth musical composition and sound recording that is the subject of this lawsuit is entitled "CC_Dark Ambience 2_dh" ("Work 6") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said

1  Work, including but not limited to, registering a copyright in and to said Work with
2  the United States Copyright Office. The application was submitted to the United
3  States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint
4  to provide the registration number in said Work when it has been assigned.

5      51.   Defendants used said Work without authorization in the score for the
6  Film.

7      52.   In undertaking the conduct complained of in this action, Defendants
8  infringed and knowingly and intentionally violated Plaintiff's rights. Even after
9  Defendants were notified that their use was unauthorized, Defendants continued to use
10  such Work, thus establishing that their infringement was and is willful.

11     53.   Based upon Defendants' infringement, Plaintiff is entitled to actual
12  damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an
13  award of attorney's fees, costs and prejudgment interest.

14     54.   The amount of actual damages shall be proven at the time of trial.

15     55.   Additionally, Defendants have caused and continue to cause great injury
16  to Plaintiff, which damage cannot be accurately computed, and unless this Court
17  restrains Defendants from further infringements, Plaintiff will suffer irreparable
18  injury, for which there is no adequate remedy at law.

19                    **SEVENTH CLAIM FOR RELIEF**
20                    **COPYRIGHT INFRINGEMENT**
21                    **AGAINST ALL DEFENDANTS**

22     56.   Plaintiff realleges and incorporates by reference all allegations contained
23  in paragraphs 1 through 13 as though said allegations were set forth in their entirety
24  herein.

25     57.   The seventh musical composition and sound recording that is the subject
26  of this lawsuit is entitled   "CC_Dark Ambience 3_dh" ("Work 7") and is
27  copyrightable subject matter under the laws of the United States. Plaintiff has duly
28  complied with all required provisions of the copyright laws of the United States

applicable to said Work, including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

58.    Defendants used said Work without authorization in the score for the Film.

59.    In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

60.    Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

61.    The amount of actual damages shall be proven at the time of trial.

62.    Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

63.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

64.    The eighth musical composition and sound recording that is the subject of this lawsuit is entitled  "CC_R6_Post Beating Interrogation_v1" ("Work 8") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly

complied with all required provisions of the copyright laws of the United States applicable to said Work, including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

65.     Defendants used said Work without authorization in the score for the Film.

66.     In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

67.     Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

68.     The amount of actual damages shall be proven at the time of trial.

69.     Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## AGAINST ALL DEFENDANTS

70.     Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

71.     The ninth musical composition and sound recording that is the subject of this lawsuit is entitled   "TCC 3M5 Trust No One_v2" ("Work 9") and is

copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work, including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

72.   Defendants used said Work without authorization in the score for the Film.

73.   In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

74.   Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

75.   The amount of actual damages shall be proven at the time of trial.

76.   Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

**TENTH CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT**

**AGAINST ALL DEFENDANTS**

77.   Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 13 as though said allegations were set forth in their entirety herein.

78.   The tenth musical composition and sound recording that is the subject of

this lawsuit is entitled "TCC_5M09_Finding UHF Device_v5" ("Work 10") and is copyrightable subject matter under the laws of the United States. Plaintiff has duly complied with all required provisions of the copyright laws of the United States applicable to said Work, including but not limited to, registering a copyright in and to said Work with the United States Copyright Office. The application was submitted to the United States Copyright Office on or about May 7, 2018. Plaintiff shall amend this complaint to provide the registration number in said Work when it has been assigned.

79.   Defendants used said Work without authorization in the score for the Film.

80.   In undertaking the conduct complained of in this action, Defendants infringed and knowingly and intentionally violated Plaintiff's rights. Even after Defendants were notified that their use was unauthorized, Defendants continued to use such Work, thus establishing that their infringement was and is willful.

81.   Based upon Defendants' infringement, Plaintiff is entitled to actual damages (or may hereafter elect statutory damages). Plaintiff is also entitled to an award of attorney's fees, costs and prejudgment interest.

82.   The amount of actual damages shall be proven at the time of trial.

83.   Additionally, Defendants have caused and continue to cause great injury to Plaintiff, which damage cannot be accurately computed, and unless this Court restrains Defendants from further infringements, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays as follows:

1.   That Defendants and all persons acting under the direction, control, permission or authority of said Defendants be permanently enjoined and restrained from using the copyrighted musical compositions and sound recordings and from causing or permitting said copyrighted musical compositions and sound recordings

to be sold, distributed, broadcast or disseminated in connection with any sale, distribution, broadcast or other means of dissemination used by Defendants.

2.    That Defendants be ordered to pay all profits, plus all losses of Plaintiff, in an amount to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505, *et seq.*

3.    That Defendants be ordered to pay the Plaintiff's costs and attorney's fees.

4.    That Defendants be ordered to pay prejudgment interest.

5.    For the imposition of a constructive trust on all proceeds that resulted, in whole or in part, from the wrongful exploitation of Plaintiff's copyrighted works.

6.    For such other and further legal and equitable relief as this Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Dated: October 15, 2018                    GUTMAN LAW

By:___ */s/ Alan S. Gutman*___
Alan S. Gutman
Attorneys for Plaintiff
DIETER HARTMANN